## GENERAL COURT, MAY TERM, 1801.

### BEAN's Ex'r. vs. JENKINS's Adm'r.

*A surety in a testamentary bond is not a competent witness in behalf of the executor in a suit by the executor.*

APPEAL from Frederick county court in an action of *assumpsit.* The plaintiff in the court below, (the present appellant,) at the trial offered as a witness one *Samuel S. Thomas,* to whom the defendant objected, as interested in the matter in dispute; and to prove this, offered witnesses, who proved that the plaintiff had declared that he had farmed the books of accounts of his testator to the said *Thomas* for a certain sum of money, and that the said *Thomas* was to have all the profits arising from the books, and was authorised to settle the accounts there standing. He also proved, that the said *Thomas* was one of the plaintiff's securities in the testamentary bond, and that *Thomas* had said he had in his possession the said books of accounts, and had had great trouble in collecting the debts, and expected to have a great deal more; that being a justice of the peace, where the claims were within a magistrate's jurisdiction, he issued the warrants, tried them himself, and gave judgments, and received the money; that he was judge, clerk and receiver; that he had taken the goods of the testator at the appraisement, and had sold a part, and contracted to sell the residue; that he had made himself answerable for about £1700 of the testator's debts; but that the goods and debts belonging to the estate, would more than pay that sum, and enable him to make something clever.

The plaintiff then offered in evidence a release, dated the 24th of November 1798, signed and sealed by the said *Thomas,* releasing to the plaintiff all claims, interest and demand, which he had or might have for any commission, compensation, or reward for his services, in the settlement of the estate of the said *Bean.* He also offered another release, dated the 22d of March 1800, (the time of the trial,) signed and sealed by the said *Thomas,* releasing to the plaintiff all interest, claim or demand, which he had or might have had for every matter or.

thing touching the administration of the estate of the said *Bean*, and from all contracts or engagements entered into between the plaintiff and the said *Thomas*, touching the debts due the said estate, and from all interest, claim and demand, which he had on or in the debts due the said estate, or any of them. Which said two papers were proved to have been duly executed and delivered by the said *Thomas* to the plaintiff. The plaintiff, before the offering the said two papers, objected to the court's receiving any evidence of the declarations of the said *Thomas*, to disqualify him from being sworn in this cause as a witness; but the county court (*Potts*, Ch. J.) overruled the plaintiff's objection, and on all the evidence determined the said *Thomas* to be an interested witness, and refused to suffer him to be sworn to the jury. The plaintiff excepted; and the verdict and judgment being for the defendant, this appeal was prosecuted.

THE GENERAL COURT *affirmed* the judgment of the County Court. The appellant appealed to the Court of Appeals, and the judgment of affirmance was *affirmed* in that court at November term 1803.

*Shaaff*, for Appellant.
*Mason*, for Appellee.